[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2009
THOMAS K. KAHN
CLERK

No. 08-14520
Non-Argument Calendar

_____

D. C. Docket No. 07-00285-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARNELL LAMAR HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 27, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On July 28, 2008, the district court, having accepted appellant's plea of

guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), sentenced appellant to a prison term of 112 months. The court arrived at that sentence as follows. The base offense level for the possession offense was 14. U.S.S.G. § 2K2.1. The court added four levels pursuant to U.S.S.G. § 2K2.1(b)(6), because appellant possessed the firearm in connection with an aggravated assault, and six levels pursuant to U.S.S.G. § 3A1.2(c), because he assaulted a police office while committing the offense. With these adjustments, total offense level came to 24. For this offense level and a criminal history category of V, the Guidelines prescribed a sentence range of 95 to 115 months' imprisonment.

Appellant now appeals his sentence, arguing that the court erred in finding that he was committing an assault while in possession of the firearm.

We review findings of fact made by the district court during sentencing for clear error. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). "When a defendant objects to a factual finding that is to be used as a basis for sentencing, the government bears the burden to establish the disputed fact by a preponderance of the evidence." United States v. Agis-Meza, 99 F.3d 1052, 1055 (11th Cir. 1996). Although the preponderance standard is a relaxed evidentiary standard, it "does not grant the court a license to sentence a defendant in the

absence of sufficient evidence." United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). When determining whether the error occurred, great deference is accorded to the district court's determination of witness credibility. United States v. Gregg, 179 F.3d 1312, 1316 (11th Cir. 1999).

The Guidelines impose a four-level enhancement when "the defendant used any firearm. . .in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6), and a six-level enhancement is applied if a law enforcement officer is assaulted during the course of the offense. U.S.S.G. § 3A1.2(c). The commentary to § 2K2.1 defines another "felony offense" as any " federal, state, or local offense. . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, comment. (n. 14(C)).

At the sentencing hearing, the district court found credible the testimony of the Government's witnesses. Because the testimony supported the offense-level enhancements and we accord great deference to the district court's determination of witness credibility, we are bound to hold that the court did not clearly err when it found that appellant was committing an assault on a law enforcement officer while he was illegally in possession of a firearm. Appellant's sentence is accordingly

AFFIRMED.